### Cincinnati, New Orleans & Texas Pacific Railway Company v. Goldston.

(Decided February 19, 1915.)

Appeal from Boyle Circuit Court.

Master and Servant—Master's Liability for Injuries to Servant—Appliances.—A step by which entrance into a railroad car is

effected, and which is permanently attached to the car, is not an appliance, within the meaning of a rule of the railroad company, which provides that the conductor of a freight train is to keep the caboose clean, and all the tools and appliances in their places, and in good order.

CHARLES H. RODES, NELSON D. RODES and JOHN GALVIN for appellant.

ROBERT HARDING, J. W. RAWLINGS and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is a suit by L. S. Goldston, who was a conductor of a freight train operated upon the Cincinnati, New Orleans & Texas Pacific Railway, for damages against said railway company for personal injuries caused by the negligence of other employes of the company, under the provisions of an Act of the Congress of the United States, entitled, "An Act relating to the liability of common carriers by railroads to their employes in certain cases," approved April 22nd, 1908, and an amendment thereto of April 5th, 1910.

This is the second appeal by appellant of this case to this court. The opinion upon the first appeal will be found in 156 Ky., 410, to which reference is made for a complete statement of the entire facts of the case.

The evidence given upon the second trial of the case is substantially the same as the evidence heard by the jury upon the first trial of the case, except such portions of it as were excluded upon the last trial by the direction of this court in its judgment on the first appeal.

At the conclusion of the evidence for the plaintiff, and also at the conclusion of all of the evidence, upon the last trial, the appellant asked the court to direct the jury peremptorily to find a verdict for it, which the court overruled, and the appellant excepted. After the verdict of the jury the appellant filed grounds and entered a motion for a new trial, and assigned as error the refusal of the court to instruct the jury to find for it at the conclusion of all of the evidence; and because the court gave to the jury instructions one, five and six, over the objection of the appellant, and refused to give the instructions A and B asked for by the appellant; and because of errors of the court made in admitting testimony and in refusing to admit testimony upon the trial;

and because the damages were excessive; and the verdict not sustained by sufficient evidence, and contrary to law.

Upon the first appeal of this case, the evidence being substantially the same as upon the last trial, this court determined that appellant's motion for a peremptory instruction to the jury was not well taken, although that question was not adverted to in the opinion. Suffice it to say that, as far as the instructions given to the jury upon the last trial of the case, they seem to be in accordance with the views of this court expressed in its former opinion. The only grounds for a reversal urged by counsel are: that the verdict is flagrantly against the evidence, and that the court refused to permit proof to be heard by the jury as to the contents of a rule of the appellant company, applying to the duties of a conductor of freight trains.

While the evidence heard by the jury was exceedingly conflicting, under our system of administering justice, it is peculiarly the province of the jury, when properly instructed, to determine the weight to be given to the testimony, to reconcile it, and to find from it what are the true facts in the case on trial. There was sufficient evidence upon which to submit the issues of the case to the jury, and, they being properly instructed, it is not a ground for reversal that the jury believed one set of witnesses rather than another.

It has been repeatedly held by this court that a new trial will not be granted because of excessive damages, unless the damages should be so great and disproportionate to the injury complained of as would strike the mind at first blush as having been caused by passion or prejudice on the part of the jury. L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; Standard Oil Co. v. Tierney, 92 Ky., 367; Sherley v. Billings, 8 Bush, 147; L. & N. R. R. Co. v. Long, 94 Ky., 410.

One of the causes relied upon by the appellee in his petition as the approximate cause of his injury was an unsafe and defective step to the caboose, and that, while standing upon the step, it gave way with appellee, and, at the same time, an unusual, unnecessary and violent jerk was given to the train, and by reason of both the defective step and the violent jerk, he was thrown under the train and his leg crushed so that, in order to save his life, it was amputated. As evidence conducing to

show that appellee contributed by his own negligence to the injury which he received, the appellant offered to read to the jury a rule of the appellant applying to freight conductors, which is as follows: "They will keep the caboose clean, and all tools and appliances in their proper places and in good order." The introduction of this rule as evidence was objected to by the appellee, and the objection being sustained, it was not permitted to be read as evidence, and to this ruling of the court the appellant excepted. The exclusion of this evidence is what is now complained of by appellant. It insists that the step to the caboose was an appliance within the meaning of that rule, and it was, therefore, the duty of the appellee to keep it in its proper place, and in good order and in repair. While the word appliance has been defined "as a thing applied or used as a means to an end, an apparatus or device," we are of the opinion that the steps by which an entrance is made to a railroad car is not an appliance within the meaning of that rule. It is as much a portion of the car as any other part of it, and the word evidently as used has reference to brakes or various kinds of tools used in the operation of the car. No attempt was made to show that the governing authorities of the railroad, or the employes of the railroad themselves, had ever applied any such meaning to the word appliances, as used in the rule offered in evidence, as is sought to be applied to it by counsel for appellant, and for these reasons we concur with the trial court in the exclusion of the rule as evidence in the case.

Perceiving no prejudicial error to the substantial rights of the appellant in the record, it is, therefore, adjudged that the judgment appealed from be affirmed.